WILLIAM H. RULLMAN ET AL. *vs.* GEORGE WIN-
TERLING ET AL.

*Wife's Claim as Creditor of the Estate of Deceased Husband for
Money Loaned—Decree Under Creditor's Bill.*

Under a bill for the sale of the real estate of a deceased debtor for the
satisfaction of his creditors, his widow alleged that she was entitled as
creditor to certain amounts which she had loaned to her husband and
which at the time he had promised to repay. *Held,* upon the evidence,
that the claim of the wife is established as to some of the items of her
account and is not proved as to others.

The wife of a deceased owner of real estate was entitled under a deed
executed by him and under his will to a life estate in the land.   Under
a creditor's bill for the sale of the property the widow consented to the
sale clear of her life estate, reserving the money value of the same to
be paid to her from the proceeds of sale.   *Held,* that the decree should
be for the sale of the land clear of the widow's life estate and not for the
sale of the reversion only after her life estate.

Appeal from the Circuit Court for Anne Arundel County
(REVELL, J.)

The cause was argued before McSHERRY, C. J., FOWLER,
BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*James R. Brashears,* for the appellants.

*Daniel R. Randall,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is a creditors bill, filed in the Circuit Court for Anne
Arundel County by the appellees against the appellants to
procure a sale of the real estate of Frederick Rullman, de-
ceased, for the purpose of paying his creditors; the personal
estate being insufficient to discharge the debts against the
estate.

The real estate consists of a tract of land containing five
and one-half acres, improved by a dwelling-house and five

small frame tenement houses, and situate near the city of Annapolis in the Second Election District of Anne Arundel County, and represented to be worth about $3,500.

The defendant, Adeline W. Rullman, the widow, holds a life estate in the property under and by virtue of a deed dated the 27th of March, and under a will dated the 7th day of September, 1882, in which the grantor and testator conveyed and devised the lot of land described in these proceedings to his wife during her life, she to receive the rents and emoluments arising from the property.

The plaintiffs below, and appellees here, are judgment creditors and Mrs. Rullman, the widow, who claims to be a creditor of the estate to the extent of fifteen hundred dollars.

The defendants below and the appellants here are Mr. Robert L. Werntz, a mortgagee to the extent of six hundred and fifty dollars, and the heirs at law of the deceased.

The prayer of the bill, in addition to one for general relief, is that the real estate of Frederick Rullman, or so much thereof as may be necessary for the purpose, be, sold for the payment of the claims of the unsatisfied creditors of his estate.

There is no objection urged to the granting of a decree for the sale of the property as thus prayed by the bill.,

Now, it is admitted that the mortgage and judgment claims filed herein are proper debts to be allowed against the estate, so this brings us to the consideration of the claim set up by the widow, Mrs. Rullman, which appears to be the only matter in dispute and controversy in the case.

This claim, as set out in the record, appears to be made up of the following items:

The estate of Frederick Rullman

To

Adeline W. Rullman

For sums of money advanced by her for the construction of dwelling and out houses in Second District, under promise of repayment by deceased................................................................$ 902 80

For sums of money advanced by her for repairs to property of the deceased in the Second District, under agreement to repay.      75 00

For money due her from rents, issues and profits of real estate under deed of March 27th, 1882.......... ................................. 522 20

$1500 00

It will be seen that the contention of Mrs. Rullman for the allowance of her claim is based upon the allegation contained in her answer to the bill, that after the date of the deed to her she advanced out of her own money and loaned to her husband, under a promise on his part to repay, various sums of money to be used by him for the construction of buildings and repairing the houses on the lot of ground mentioned in these proceedings; that she also loaned him a further sum, to-wit the sum of $522.20, upon a similar promise to repay or to secure to her, collected by him from her rents derived from her property.

The law is well settled in this State beyond any controversy that a wife may become a creditor of her husband, but to establish the relation of debtor and creditor between them growing out of the appropriation by the husband of the wife's money, being her separate estate, where the receipt and appropriation are with her knowledge and consent, there must be an agreement or promise on his part to repay the money.

In this case we think that it is clear from the proof contained in the record that the sum of $855.21 was paid by the wife for the construction of the dwelling on the lot in question and it was a loan from the wife to the husband and that he promised to repay it.

The witness Lloyd, testified, that he was present during a conversation between Mr. and Mrs. Rullman when the former said to the latter, "if you will build the house on the farm, then I will guarantee to secure you for the money." He also testified, that in a conversation between Mr. Rullman and Capt. Saunders, the former said, "what would have been the use of us spending any more money in extra lots when we have plenty of ground, I will secure her by a mortgage or any way she wants, the ground is worth the money." He also testified, that subsequently he built the house according to the contract, entered into in the presence of and with the consent of Mr. Rullman.

There was other testimony to the effect that the dwelling-house was built with the wife's money and that the husband

promised at the time to reimburse and to secure her for the outlay.

The proof as to this portion of the wife's claim is amply sufficient we think, for a Court of equity to grant the relief asked by the bill.    It will however be denied as to remaining portion of her claim, as not established by the evidence in the case.

It does not appear that the rights of creditors will be at all affected by the conclusion reached by us as to this claim.  On the contrary, it is admitted that the property will sell for a sufficient sum to reimburse all the creditors.   The controversy here involved being confined to the wife's claim, and the rights of the heirs at law of the deceased.

It appears, however, by the decree of the Circuit Court for Anne Arundel County, that only the reversionary estate of Frederick Rullman, deceased, in the real estate mentioned in the proceedings was decreed to be sold, whereas the widow and life tenant, consented that the real estate should be sold clear of her claims under the deed and will, and as widow of the testator, reserving the value in cash of her interest in the property in lieu of her interest as widow, and under the deed. Inasmuch, then, as it may be to the interest of all persons interested, that the property be sold, in its entirety, free and clear of the widow's interest and claim, we shall reverse the decree appealed from and remand the cause for a new decree, according to the right of the parties, as indicated by this opinion.

> *Decree reversed and cause remanded,*
> *the costs to be paid out of proceeds of*
> *sale of the real estate.*