BURRELL *v.* VEANIE ET AL.

[No. 48, October Term, 1953.]

*Decided December 10, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Donald C. Murray,* with whom were *LeRoy A. Cooper* and *Murray, Douglas & Perkins* on the brief, for the appellant.

*Joseph O. Kaiser,* with whom were *Paul Berman, Theodore B. Berman* and *Sigmund Levin* on the brief, for the appellees.

SOBELOFF, C. J., delivered the opinion of the Court.

The principal question raised by this appeal is the correctness of an order allowing the appellant, among other items, the sum of $700.00, rather than a claimed $2122.00, for advances made by her to her sister, Sadie A. Thompson, during her lifetime.

After letters of administration had been granted to the appellant in the Orphans' Court of Baltimore City on Mrs. Thompson's estate, it was found that the personal estate was insufficient to pay funeral expenses and debts and the proper costs of administration. On petition of the administratrix the equity court assumed jurisdiction and passed a decree appointing trustees to sell the decedent's real estate. They sold the property at private sale for $7200.00, the appellant receiving $200.00 as a deposit, which was credited to the vendee at the settlement. Though requested by the trustees to turn over to them the amount of the deposit, the appellant refused. The trustees then filed a petition asking the court to require her to show cause why she should not be adjudged in contempt for wrongfully withholding the money. She answered, admitting that she had received the $200.00 but claiming that the estate was indebted to her for funeral expenses and administration costs paid by her and for the sum of $2122.00 advanced to the decedent during her lifetime. It was not disputed that the appellant had advanced the funeral and administration costs and was entitled to reimbursement for them, but the claim for $2122.00 was disputed.

The matter came on for hearing in open court, as provided by Rule 560 of the Rules of the Supreme Bench of Baltimore City. The claim of the appellant is that she advanced to her sister from $27.00 to $30.00 a week during her last illness, a period variously esti-

mated at 74 to 78 weeks. The appellant was, of course, prohibited by the Evidence Act, Art. 35, Sec. 3, 1951 Code, from testifying. Others, however, were called as witnesses, and their testimony is far from clear. It was characterized by the Chancellor as unsatisfactory and insufficient to form the basis of any satisfactory computation. It was shown that from time to time advances were made, but the amounts are not clearly shown. It is also known that during the decedent's last illness some rent was collected from roomers in the decedent's house. The amount of these collections is not certain. There is a suggestion in the record that as the decedent's illness continued and the roomers not being properly served began to move out, the revenue diminished and there was a constantly increasing deficit to meet the decedent's current expenses which was made good by the appellant; but this suggestion is not satisfactorily supported. Even the rents paid to the decedent and not the appellant probably affected the amount of the periodic advances. It is not shown what, if any, monies the decedent had accumulated. This obviously would also affect the amount of the deficiency allegedly supplied by appellant. The most that was testified to by one witness is as follows:

"Q. Do you know how much Mrs. Burrell loaned her sister?

A. Well, not the whole amount, but some weeks I would say from $27.00 to $30.00; that much I know.

Q. $27.00 to $30.00 is an estimated figure. Is that right?

A. That's right."

A third sister was called as a witness:

"Q. Do you know how much your sister borrowed?

A. No, I don't know how much, but some of her bills in a week, sometimes my sister had to take care of $27, $28, sometimes $30."

The Chancellor's opinion (Warnken, J.) concluded as follows: "With respect to the claim of $2122.00, as

the trier of the facts, and being very much in the position of a jury, I am disposed to allow the claimant the sum of $700, which, in the present state of the record, I think is quite fair and reasonable. The claimant, of course, is barred from testifying under the Evidence Act, but I think a greater effort could have been made on her behalf to produce more testimony in support of the claim. Indeed in the present state of the record I think the claim could be wholly disallowed."

The Chancellor made several suggestions as to how the appellant might amplify the proof in support of her claim, but she failed to avail herself of the proferred opportunity. As the appellant has failed to establish that she is entitled to any amount greater than that allowed by the Chancellor, there is no basis for her attack on the Chancellor's conclusion. Cf. *Davis v. Gemmell*, 73 Md. 530, 546, 21 A. 712, 717; *Rullman v. Winterling*, 101 Md. 35, 60 A. 468. As a matter of strict proof the allowance of $700.00 is weakly supported, but as the cross-appeal has been dismissed we will not disturb the decree.

Certain subsidiary procedural contentions are also made. The appellant argues that as the petition of the trustees raised for determination the question of requiring her to turn over the $200 deposit, this and only this could properly be dealt with in the order. It is also said that it was error for the Chancellor to undertake to adjudicate the claim for $2122.00 in cash advances, while reserving decision as to the $200.00 and referring it instead to the Auditor for determination in his account.

There is no substance in these contentions and they may be disposed of briefly. First, the appellant herself brought in issue her claim for the $2122.00 when she asserted it as a reason for not turning over the $200.00 deposit. Second, the appellant and all others in interest were present at the full hearing in open court and no one objected to consideration of the claim for cash advanced. Having asked the court to adjudicate

her claim she cannot now, when dissatisfied with the result, object that the court should have acted on her claim at some later stage of the proceedings. *Cook v. Boehl*, 188 Md. 581, 589, 53 A. 2d 555, 559. Third, as the appellant was shown to be a creditor of the estate, and the Chancellor so held, he properly did not require her to pay back the $200.00, as prayed in the trustees' petition, but the Auditor was ordered to give the item appropriate treatment in his account. The only issue was as to the claimed advances, and this was heard and decided. Thus every phase of the controversy as to the $200.00 was settled.

Similar answers may be given to the appellant's contention that her claim should have been allowed in full because filed in the Clerk's office and not excepted to. This is both highly technical and unsound. First, the claim was merely subscribed and sworn to before a notary public, and was not previously proved in the Orphans' Court where the administration was instituted. It does not therefore have the *prima facie* validity a certificate of the Register of Wills would have imparted to it under Article 16, Section 255, 1951 Code, *unless contested*. Second, Article 35, Section 63, which provides for use of affidavits to prove open accounts based on book entries regularly made in the course of business, is obviously inapplicable. Third, the paper does not follow the form prescribed for claims in Article 93, Section 98, and lacks the type of affidavit required in Section 102 for claims by administrators. Fourth, more importantly, and altogether aside from formal defects, the affidavit could at most constitute only *prima facie* proof of the claim, which could be contested at a later stage of the proceedings. *Hammond v. Hammond*, 2 Bland 306, 366; *Third National Bank v. Lanahan*, 66 Md. 461, 468, 7 A. 615, 616; *Bogart v. Willis*, 158 Md. 393, 404, 148 A. 585, 589; *Miller, Equity Procedure*, Secs. 381, 541. Here the appellant invited the contest, and it proceeded in open court without objection. The fact that the issue as to the advances was not raised

414

by formal exceptions is immaterial and in no way prejudiced the appellant. Exceptions are only one way of giving notice of contest of a claim. The issue was clearly understood and fairly heard and decided.

Finding that the Chancellor's order is free of any error of which the appellant has ground for complaint, it will be affirmed.

*Order affirmed with costs.*